FILED
 2008 Dec-04  PM 04:40
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **VS.** | ) | 2:05-cr-58-JHH-TMP |
| **MARCUS ANTONIO GILES.** | ) | |

### MEMORANDUM OF OPINION REGARDING ORDER GRANTING MOTION TO REDUCE TERM OF IMPRISONMENT

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582 motion (doc. #27), on March 6, 2008, requesting that this court modify or reduce his sentence pursuant to the retroactive crack cocaine amendment to the Sentencing Guidelines which became effective on November 1, 2007.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, # 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for movants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the

applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[1] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (doc. #27) of Marcus Antonio Giles to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the crack amendment and the amended policy statement.

The focus of the § 3582(c)(2) motion is the 78 months sentence imposed upon movant under Count One (possession with intent to distribute in excess of five grams of cocaine base). The movant pled guilty to that charge and to Count

---

[1] At this point, the crack amendment had no retroactive application.

Two (charging knowingly carrying a firearm in relation to the Count One of a drug crime under 18 U.S.C. § 924(c)(1)(A)). At the time the movant was sentenced, he was attributed with an offense involving 34 grams of crack cocaine.

The following chart sets forth the application of the crack amendment to the instant case taking into consideration the statutory minimum sentence of 60 months for Count One and the statutory minimum consecutive sentence of 60 months under Count Two:

|  | Original Sentence | Retroactive Sentence Adjustment |
|---|---|---|
| **Total Offense Level** | 25 | 23 |
| **Criminal History Category** | II | II |
| **Imprisonment Range** | 63 - 78 months (+ 60 months consecutive under Count Two) | 60-63 months (+60 months consecutive under Count Two) |
| **Departure** | N/A |  |
| **Sentence Imposed** | 78 months (+ 60 months consecutive under Count Two) |  |
| **Projected Release Date** | 4/16/2015 |  |

Pursuant to U.S.S.G § 1B1.10 (b)[2], this court finds that the movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  The movant was sentenced under Count One to the 78 months, which was the high end of the relevant 63-78 guideline range.[3]  The imprisonment range after applying the Crack Amendment is 60-63 months, and the court concludes that a reasonable and appropriate sentence is at the high end of that revised range.[4]

A separate order will be entered reducing the sentence under Count One to 63 months.  Movant's attention is directed to the "Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the

---

[2]  U.S.S.G § 1B1.10 (b)(2)(A)(effective March 3, 2008) reads as follows: <u>In General</u>.- Except as provided in subdivision (B), the court shall <u>not</u> reduce the movant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement <u>to a term that is less than the minimum of the amended guideline range</u> determined under subdivision (1) of this subsection. Emphasis added.

[3]  At the time of sentencing the court gave movant a 3 point reduction for acceptance of responsibility despite his behavior while on bond which resulted in the revocation of his bond. But because of that behavior, the court selected the high end of the original range.

[4]  The Crack Amendment has no effect on the separate consecutive sentence imposed under Count Two for the violation of 18 U.S.C. § 924(c).

judgment or order being appealed.  *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i).  If movant was represented by appointed counsel at trial or on appeal, movant is not required to file a new application to proceed *in forma pauperis* on appeal from the ruling on the § 3582(c)(2) motion. If movant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the ruling on the § 3582(c)(2) motion.  The Clerk is DIRECTED to provide movant with an application to proceed *in forma pauperis* form.

       **DONE** this the ___4th___ day of December, 2008.

                                            */s/ James H. Hancock*
                                     SENIOR UNITED STATES DISTRICT JUDGE